Sewell **MAGGARD**, Plaintiff,

v.

Caspar **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 1656.

United States District Court, E. D. Kentucky, Pikeville Division.

Oct. 17, 1973.

Alva A. Hollon, Hollon & Hollon, Hazard, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendant.

HERMANSDORFER, District Judge.

This action seeks by Summary Judgment proceedings to review a final decision of the Secretary of Health, Education and Welfare terminating the plaintiff's disability benefits under 42 U.S.C. §§ 416(i), 423 as of December 22, 1970. Jurisdiction lies under 42 U.S.C. § 405(g).

■■ The Secretary has the power to determine in a single decision the issues of fact of the claimant's disability, the extent of such disability, the duration of such disability and whether such disability has terminated. Accordingly the sole issue before the Court is whether there was substantial evidence to support the Secretary's finding of termination of the disability. 42 U.S.C. § 405(g); Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972); Dean v. Flemming, 180 F.Supp. 553 (E.D.Ky.1959).

In support of his decision to terminate the plaintiff's benefits, the Secretary offers two reports submitted by Dr. John

**1230**

D. Perrine. The first, dated December 22, 1970, contains the following conclusion on the part of Dr. Perrine:

> "Mr. Sewell Maggard is a 43 year old white man who has had pulmonary tuberculosis in the recent past. This has been demonstrated by culture of his sputum and certainly his chest x-ray is very suggestive. His last positive sputum was in March of 1970 and he is presently taking INH and PAS. He can now walk two blocks or climb one flight of steps without stopping if he takes his time. He is now felt to have a functional classification II. He does have chronic bronchitis and possibly bronchiectasis and certainly his cigarette smoking should be stopped. *He should be able to perform mild to moderate physical activity without difficulty* . . ." (Emphasis added) (Tr. 139).

On June 22, 1971, Dr. Perrine again reported that "[t]he AFB cultures done in December of 1970 all reveal . . . that his disease is static and not active" (Tr. 130).

The term "supported by substantial evidence" as prescribed by 42 U.S.C. 405(g) has been defined as being:

> "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

As the plaintiff has not met his burden of proving continuing disability as of the date of termination, Myers v. Richardson, supra, 471 F.2d at 1267; Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967), cert. denied 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), and in view of the requisite degree of probative evidence necessary to support the Secretary's decision to terminate, it is readily apparent that the Secretary's decision must be affirmed. Ingram v. Richardson, 471 F.2d 1268 (6th Cir. 1972).

The plaintiff contends that the record contains several errors of a procedural nature. The first challenge is to the lack of vocational evidence. It was not necessary for the Appeals Council to produce such evidence as the plaintiff had failed to meet his own burden. Garrett v. Finch, 436 F.2d 15 (6th Cir. 1970); Goad v. Finch, 426 F.2d 1388 (6th Cir. 1970).

 The second aspect of the plaintiff's procedural challenge is directed toward the Appeals Council overturning the decision of the Hearing Examiner. Under the provisions of 20 C.F.R. 404.-947 and 20 C.F.R. 404.950, the Appeals Council has such a power, even upon its own motion.

The defendant's Motion for Summary Judgment is sustained.

The plaintiff's Motion for Summary Judgment is overruled.

This action shall be, and the same hereby is, dismissed and stricken from the docket.