**Malissa STATZER, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1779.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

April 5, 1974.

Cooper, Gullett & Combs, Hazard, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION

HERMANSDORFER, District Judge.

This action seeks by Summary Judgment proceedings to review a final decision of the Secretary of Health, Education and Welfare. The plaintiff sought black lung benefits under the provisions of 30 U.S.C. §§ 921(a) and 922(a)(2) as a widow of a miner. Upon the denial of her claim at all administrative levels, Mrs. Statzer brought this action on September 11, 1973. Jurisdiction is found under the provisions of 30 U.S.C. § 923(b), which incorporates by reference the provisions of 42 U.S.C. § 405(g) and (h).

The plaintiff is the widow of Lyda Statzer, a coal miner who died on November 30, 1959 after working thirty (30) years in the mines.

In order to meet the eligibility requirements for widow's benefits, the plaintiff must prove that she is the widow of a miner; that she was dependent upon him at the time of his death and that she has not remarried. 20 C.F.R. § 410.210. The Secretary acknowledges

that the plaintiff has satisfied this much of her burden of proof. He contends, however, that she has not established that at the time of his death her husband was entitled to benefits [1]; or that he died prior to January 1, 1974 and that he was at the time totally disabled due to pneumoconiosis [2]; or that his death was attributable to pneumoconiosis. 20 C.F.R. § 410.210.

■ As the provisions of 42 U.S.C. § 405(g) are adopted by reference, the function of this Court is to ascertain whether the Secretary's decision was supported by substantial evidence, or whether there exists such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971); Maggard v. Weinberger, 364 F.Supp. 1229, 1230 (E.D.Ky.1973).

In view of the difficulty of establishing the presence of pneumoconiosis at the time of the death of a coal miner, the Secretary was required to prescribe by regulation the standards for determining whether the death of the miner was due to the disease or whether he was totally disabled by the same at that time. 30 U.S.C. § 921(b). The Secretary complied with the statutory mandate by promulgating various regulations, which in conjunction with statutory standards and presumptions, establish the alternate tests for entitlement. 20 C.F.R § 410.401 et seq.

■ The first alternative provision sets forth a rebuttable presumption that total disability or death due to pneumoconiosis may arise where an x-ray, biopsy or autopsy confirms the existence of simple pneumoconiosis or where ventilatory function studies establish the presence of a chronic respiratory or pulmonary disease that satisfies the standards contained in the table of values set out in the regulation. 20 C.F.R. § 410.490. In this instance neither of the above presumptions have been invoked due to the lack of medical proof. There are no x-ray, biopsy or autopsy reports submitted that indicate the presence of pneumoconiosis nor has the plaintiff submitted the results of any pulmonary function study. A report submitted by Dr. James S. Rich on September 24, 1952 contains a finding of a lack of any pulmonary disease (Tr. 104–105). In any event, the plaintiff's husband continued to work in the mines until his death (Tr. 26–27). That fact alone would serve to rebut either of the two presumptions stated above had they been invoked. 20 C.F.R. § 410.490(c).

■ The second alternative test was established by statute, 30 U.S.C. § 921(c)(3) and adopted almost verbatim by the Secretary in promulgating the required regulations. 20 C.F.R. §§ 410.-418 and 410.458. However, those regulations require a demonstration by the plaintiff that her husband suffered from the presence of complicated pneumoconiosis, by use of an x-ray, biopsy, or autopsy reports. As stated above, no such reports were submitted by the plaintiff which would establish the conclusive presumption.

■■ The third alternative relates solely to the issue of death due to pneumoconiosis arising out of employment in the coal mines. Where a miner worked in excess of ten (10) years in the mines and died of a respiratory disease, a rebuttable presumption that his death was due to pneumoconiosis is created. 30 U.S.C. § 921(a) and (b); 20 C.F.R. §§ 410.456 and 410.462. Thus, the plaintiff need only prove that her husband's death was due to a respiratory disease to satisfy her burden of proof. However, death will not be attributed to a respiratory disease where the cause of

---

1. As the death of the plaintiff's husband predated the black lung program, it is without doubt that he was not entitled to benefits under the program at the time of his death. As this matter is not in dispute, further discussion is not warranted.

2. A chronic dust diesase of the lung arising out of employment in a coal mine. 30 U.S.C. § 902(b).

death reported does not bear any reasonable relationship to that type of disease. 20 C.F.R. § 410.462(b). In this particular instance, the death of the plaintiff's husband was reported to have been caused by a coronary occlusion (Tr. 116) and that report contains no reference to any pulmonary condition as the cause. It must be noted again that the plaintiff's deceased was not being treated for a respiratory condition and that he was working in the mines at the time of his death.

██ The fourth and final alternative the plaintiff may utilize to show that she qualifies for black lung benefits is found under the provisions of 20 C.F.R. §§ 410.414, 410.426 and 410.454. A two-step process must be followed. First, the existence of pneumoconiosis must be established. Second, the plaintiff must demonstrate that the severity of the disease caused the miner to be totally disabled within the meaning of the Act.[3] If the plaintiff can establish that her husband suffered from pneumoconiosis by utilizing x-ray, biopsy, autopsy reports or "other relevant evidence", 20 C.F.R. § 410.414, then because her late husband has worked for an extended period of time as a miner, she established a presumption that her husband was totally disabled due to that disease at the time of his demise.

██ The Secretary concedes that the plaintiff, her daughter, and friends testified and submitted statements to the effect that the deceased miner coughed, spit-up blood and had breathing trouble. Although this evidence can properly be construed as other relevant evidence of a pulmonary impairment, 20 C.F.R. §§ 410.414(c) and 410.454(c), the Court can find nothing in the statute or regulations that would indicate that such evidence is controlling. It is just one of several factors that must be weighed together with the medical evidence.

██ The medical evidence offers no support of the plaintiff's claim that her husband was totally disabled at his death. As recently as 1952, Dr. Rich found no evidence of any pulmonary disease (Tr. 104–105). Although this evidence can not be the sole basis for the denial of benefits, as Dr. Rich's findings were made only with the use of a fluoroscope,[4] it can properly serve as one facet in the Secretary's decision to deny benefits. See: 20 C.F.R. §§ 410.414(c) and 410.454(c). The plaintiff's husband must, therefore, be considered to have been suffering from some respiratory disease at the time of his death. That alone, however, is insufficient so as to require reversal of the Secretary's decision as there is uncontroverted evidence that the plaintiff's husband continued to work in the mines up to and including the date of his death. Thus, the plaintiff has not established that her husband was totally disabled due to a respiratory disease at the date of his demise.

██ The plaintiff expressed doubt as to the true cause of her husband's death and in her belief challenges the qualifications of the coroner to render a judgment as to a particular cause of death. There is no competent evidence to substantiate her claim as to the true cause of death. Further, even though the coroner was not medically qualified, he conceivably had developed a reasonable degree of expertise as to what are the apparent physical indices of the most frequent causes of death.

Accordingly, the Secretary's decision denying Mrs. Statzer's claim for widow's black lung benefits must be affirmed.

An order in conformity with this Memorandum Opinion shall this day be entered herein.

---

3. ". . . a miner shall be considered totally disabled when pneumoconiosis prevents him from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he previously engaged with some regularity and over a substantial period of time." 30 U.S.C. § 902(f).

4. "A device used for examining deep structures by means of roentgen rays . . .." Dorland's Illustrated Medical Dictionary (24th Ed. 1965).