Meretta **TIBBS**, Plaintiff,

v.

Caspar W. **WEINBERGER**, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 74–168.

United States District Court, E. D. Kentucky, Pikeville Division.

Jan. 15, 1975.

Robert M. Tiller, Pikeville, Ky., E. Gail Falk, Charleston, W. Va., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., R. Michael Murphy, Asst. U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

This action seeks by summary judgment proceedings review of a final decision of the Secretary of Health, Education and Welfare denying the plaintiff's application for widow's benefits under the provisions of the Black Lung Benefits section of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C. § 801, *et seq.* Jurisdiction is found under 30 U.S.C. § 923(b) which incorporates the provisions of 42 U.S.C. § 405(g). Jurisdiction is limited, however, to a determination upon

a consideration of the administrative record as to whether the Secretary's decision was supported by substantial evidence or whether there existed such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Statzer v. Weinberger*, 383 F.Supp. 1258 (E.D.Ky. Decided April 5, 1974).

The plaintiff is the widow of Denver Tibbs who died on May 16, 1958 as a result of injuries received while working in the coal mines. The Secretary, in reversing the decision of the Administrative Law Judge found the plaintiff had failed to prove that the deceased was totally disabled by either pneumoconiosis or a chronic respiratory disease presumed to be pneumoconiosis.

■ As the plaintiff failed to submit any x-ray, biopsy, or autopsy reports which would demonstrate the existence of pneumoconiosis or the results of a ventilatory function study which would reveal the presence of a chronic pulmonary disease, she is limited to proving her entitlement to benefits by utilizing the last of four alternative tests as set out in *Statzer v. Weinberger, Id.*

Under this test, 20 C.F.R. 410.414, 410.426 and 410.454, the plaintiff has a two-step burden. First, she must prove that her husband suffered from either pneumoconiosis or some other chronic respiratory or pulmonary disease presumed to be pneumoconiosis. Second, she must prove that the severity of the disease rendered the miner totally disabled as that term is defined under 30 U.S.C. § 902(f).

■ As the plaintiff's late husband worked in the coal mines for a period in excess of fifteen years, she is entitled to prove the first element of her burden by introducing "other relevant evidence", 20 C.F.R. 410.414(c), as to the existence of a totally disabling chronic respiratory or pulmonary condition. The term "other relevant evidence" includes:

". . . medical tests such as blood gas studies, electrocardiogram, pulmonary function studies, or physical performance tests, and any medical history, evidence submitted by the miner's physician, his spouse's affidavits, and in the case of a deceased miner, other appropriate affidavits of persons with knowledge of the individual's physical condition, and other supporting materials. . . ." 20 C.F.R. 410.414(c).

In this particular instance the plaintiff submitted a statement of Dr. Can M. Bentley dated June 3, 1972. Dr. Bentley reported that he treated the deceased from 1943 to 1957. He further stated that Denver Tibbs first exhibited the symptoms of a pulmonary disease in 1950; that the condition worsened with the passage of time, that the condition forced the deceased to miss work for a period of one or two weeks on several occasions; and, that the condition was, in his opinion, what is currently known as pneumoconiosis (Tr. 70).

The widow's testimony at the hearing and a written statement submitted in addition to her testimony corroborates Dr. Bentley's reported findings as to the existence of a chronic respiratory disease. This evidence was not rebutted by the Secretary. Therefore, the Court must find the first portion of the plaintiff's burden to have been satisfied.

The Secretary concluded, however, that the deceased miner was not totally disabled at his death even upon an assumption as to the presence of a chronic respiratory or pulmonary disease. That conclusion was based upon Social Security Ruling 73–36 which, in relevant part, reads as follows:

"Where a miner not entitled to black lung benefits . . . dies instantly in a coal mine accident while regularly and gainfully employed, *held,* the miner was not totally disabled due to pneumoconiosis at the time of his death."

The plaintiff contends that the deceased miner was suffering from pneumoconiosis at the time of his death and that the disease rendered him totally disabled despite the fact that he was working on the date of his death. She argues that such work was so sporadic and insubstantial that it did not preclude a finding of total disability.

Social Security Ruling 73-36 was derived from 30 U.S.C. § 902(f) as explained by the report of the Conference Committee of both Houses of Congress, H.R. Report No. 1048, *1972 U.S.Code Cong. and Adm. News,* p. 2339, which states:

". . . it is not intended that a miner be found to be totally disabled if he is in fact engaging in substantial work involving skills and abilities closely comparable to those of any mine employment in which he previously engaged with some regularity and over a substantial period of time . . . ."

■■ This Court has held that where a miner not entitled to black lung benefits or shown to be suffering from complicated pneumoconiosis dies instantly in a coal mine accident while regularly and gainfully employed, the performance of such work serves to foreclose any contention that the miner was totally disabled by pneumoconiosis or some other chronic respiratory or pulmonary disease. *Statzer v. Weinberger, supra; Johnson v. Weinberger,* Pikeville Civil No. 1482 (E.D.Ky. Decided July 2, 1974); *Farmer v. Weinberger,* Pikeville Civil No. 1817 (E.D.Ky. Decided September 3, 1974). However, the Secretary, in the commentary to Social Security Ruling 73-36, recognizes a limited exception to such a holding where the miner's pulmonary or respiratory disease resulted in sporadic work, poor performance and marginal earnings. In such a case, the miner could not be deemed to have been engaged in regular and gainful work. In this instance the Secretary relied solely upon the general rule in denying the plaintiff's claim without a specific finding relative to her contention that she was entitled to have her claim considered under the limited exception.

Accordingly, it is ordered herein as follows:

(1) That this action be, and it hereby is, remanded to the Secretary for further proceedings relative to a finding that the deceased miner was engaged in regular and gainful work in the mines at the time of his death.

(2) That this action be, and it hereby is, stricken from the docket pending completion of all administrative proceedings.