**Vernon E. YOUNG, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 74-44-BK.**

United States District Court,
S. D. West Virginia,
Beckley Division.

Jan. 22, 1975.

Samuel W. Price, Oak Hill, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g) and Section 413(b) of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C.A. § 923(b), to review a final decision of the Secretary of Health, Education and Welfare, which denied plaintiff's application for black lung benefits. This action is pending upon a Motion for Summary Judgment filed by the defendant pursuant to Rule 56(b), Federal Rules of Civil Procedure.

The sole question before the Court for determination of this action is whether the Secretary's decision is supported by substantial evidence. That decision was based upon the Secretary's conclusion that plaintiff, while appearing to have pneumoconiosis, was not entitled to black lung benefits because he never had an employer-employee relationship with any coal mine owner or operator and never was a coal miner in any of the nation's coal mines. Accordingly, it was the Secretary's decision that his pneumoconiosis did not arise out of coal mine employment.

Plaintiff was employed as a utility or maintenance man in a metal manufacturing plant in excess of 20 years. He also worked as an electrician's helper and oiler of coal conveying equipment. During his employment, plaintiff worked in the same area where coal, which was used in the plant's operation, was transported by the conveyor system and dumped on shakers for sizing and crushing. Consequently, the job site was enveloped in a heavy coal dust atmosphere. Plaintiff's employer was always

a corporation which used coal in alloy processing, rather than the actual coal mining company. Plaintiff was a member of the Oil, Gas and Chemical Worker's Union and not the United Mine Workers of America.

In determining whether plaintiff's employment, as hereinbefore described, comes within the coverage of the Black Lung Act, an interpretation of the following provisions is necessary:

*20 CFR § 410.201 Conditions of entlement; miner.*

An individual is entitled to benefits if such individual:

(a) Is a miner (see § 410.110(j); and

(b) Is totally disabled due of pneumoconiosis (see Subpart D of this part); and

(c) Has filed a claim for benefits in accordance with the provisions of §§ 410.220–410.234.

*20 CFR § 410.110 General definitions and use of terms.*

For purposes of this part, except where the context clearly indicates otherwise, the following definitions apply:

\*    \*    \*    \*    \*    \*

(j) "Miner" or "coal miner" means any individual who is working or has worked as an employee in a coal mine, performing functions in extracting the coal or preparing the coal so extracted.

\*    \*    \*    \*    \*    \*

The Court having reviewed the evidence, concludes that the Secretary's decision is supported by substantial evidence. Plaintiff's respiratory ailment was caused by his exposure to coal dust while working at a metal manufacturing plant where coal was used in the plant's operation. This work was separate and apart from actual coal mine work.

While there is no question that plaintiff worked in an atmosphere which was filled with coal dust, the work he performed was neither the mining of nor the preparation of coal as contemplated by the applicable law and regulations. In any event, one of the requirements in addition to performing work of preparation of extracted coal is that the individual claiming black lung benefits be an employee of a coal mine. 30 U.S.C. § 902(d); 20 CFR § 410.110(j). Plaintiff's employer was a plant which manufactured metals. It is not under the broadest interpretation of the word a coal mine. See this Court's opinion in Clyde A. Johnson v. Weinberger, Civil Action No. 73–268–CH (1974). Accordingly, while the Court sympathizes with plaintiff, it does not believe that plaintiff has demonstrated himself to be an employee covered by the Black Lung Benefits Act of 1972. It is for the Congress to establish the limits of coverage and to correct any existing inequities in the Act.

Inasmuch as there is substantial evidence to support the decision of the Secretary, his decision must be upheld. Willis v. Gardner, 377 F.2d 533 (4th Cir. 1967).

In accordance with the foregoing, it is hereby ordered and adjudged that defendant's Motion for Summary Judgment be and the same is hereby granted.

All matters in this case in this court being concluded, this action shall be dismissed and retired from the Court's docket.