**Bill BUSH, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 74–361.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

July 15, 1975.

H. W. Noble, Hazard, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION

HERMANSDORFER, District Judge.

This matter seeks by summary judgment proceedings review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for "black lung" benefits under Part B of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C. § 901 *et seq.* As the provisions of 30 U.S.C. § 923(b) provide that review procedures should follow those established under the Social Security Act, jurisdiction is found by reference thereto under 42 U.S.C. § 405(g). *Young v. Weinberger,* 389 F. Supp. 979, 980 (S.D.W.Va.1975). The function of this Court upon review of the Secretary's decision is to ascertain whether the same was supported by substantial evidence, *Statzer v. Weinberger,* 383 F.Supp. 1258, 1261 (E.D.Ky.1974) and whether the correct criteria were

employed in reaching that decision, *Walston v. Gardner*, 381 F.2d 580, 585 (6th Cir. 1967). In accord: *Farmer v. Weinberger*, 519 F.2d 627, (6th Cir. Decided July 8, 1975).

The plaintiff filed his application for benefits on June 14, 1972 alleging that he had worked in the coal mines for eighteen (18) years and was disabled because of "lung trouble" (Tr. 46). When his application was denied initially (Tr. 50–52) and upon reconsideration (Tr. 55–57), plaintiff sought and was granted a hearing before an Administrative Law Judge. Following *de novo* consideration of plaintiff's claim, the Administrative Law Judge found that plaintiff was not entitled to benefits (Tr. 8–13). His findings became those of the Secretary when approved by the Appeals Council (Tr. 4).

■ The medical evidence of record pertaining to plaintiff's application for benefits which was adduced prior to July 1, 1973 is very limited. It consists of only one chest x-ray examination performed on January 17, 1973. That film was read on two (2) occasions and in each instance was interpreted as being negative for pneumoconiosis (Tr. 76, and 77), either in its simple, 20 C.F.R. § 410.428, or complicated, 20 C.F.R. § 410.418, stages. No pulmonary function studies were made prior to July 1, 1973 but subsequent studies produced results that exceeded all regulatory criteria, 20 C.F.R. §§ 410.426(b) and 410.490(b)(1)(ii). (Tr. 82 and 83).

In addition the record also contains plaintiff's testimony at the hearing below in which he candidly admitted that he continued his regular, full time, coal mine employment until February 1, 1974 (Tr. 36), leaving the same upon the advice of a physician. As a consequence, he could not have been totally disabled, 30 U.S.C. § 902(f), within the parameters of the Act until at least that date, *Farmer v. Weinberger, supra*, at pp. 630–631, with one exception, that being if he suffered from complicated pneumo-

coniosis. In the case *sub judice*, no evidence of pneumoconiosis in such a severe stage has been produced, even upon consideration of that which was entered following June 30, 1973.

The Secretary was required by statute, 30 U.S.C. § 921(b), to promulgate regulations for determining whether a miner is totally disabled. One of these regulations, 20 C.F.R. § 410.226(b), reads as follows:

". . . A claim which is filed before the claimant meets all the requirements for entitlement to such benefits will be deemed a valid claim if the claimant meets such requirements of entitlement (1) before the Administration makes a final decision on such a claim or (2) if the claimant has timely requested judicial review of such final decision before such review is completed. If the claimant first meets the requirements for entitlement in a month after the month of actual filing but before a final administrative or judicial decision is rendered on his claim, his claim will be deemed to have been effectively filed in such first month of entitlement." (Punctuation as in original.)

■ As plaintiff could not have been considered entitled to benefits, assuming his post-June 30, 1973 medical evidence to be sufficient to establish entitlement, until after responsibility for administering the "black lung" program passed to the Secretary of Labor, 30 U.S.C. §§ 925(a) and 931(a), the Secretary of Health, Education and Welfare lacked jurisdiction to grant benefits based on the evidence produced after plaintiff terminated his regular, full time, employment in the mines.

Plaintiff's understandable desire to have the merits of his claim finally resolved warrants the following unsolicited advice. He should prepare an application for benefits, incorporating therein his medical evidence, and file the same with the Secretary of Labor in accord-

ance with the provisions of 20 C.F.R. § 720.109.

 Having found the Secretary's decision to be supported by substantial evidence and predicated upon the correct criteria, this Court is constrained to affirm the same. An order to this effect shall this date be entered herein.