David E. HUNLEY

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare.

Civ. A. No. 3–75–22.

United States District Court,
E. D. Tennessee, N. D.

Aug. 1, 1975.

J. Gregory O'Connor, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This matter is before the Court on the motions for summary judgment of the plaintiff and the Secretary of the Department of Health, Education and Welfare. Plaintiff is a miner seeking black lung benefits pursuant to the Federal Coal Mine Health and Safety Act, as amended, 30 U.S.C. § 901 et seq. After the plaintiff's claim was initially denied, a Hearing Examiner considered the claim *de novo* and found that the plaintiff was not entitled to benefits (Tr. 10–21). The Appeals Council, after reviewing all of the evidence before it, approved the Hearing Examiner's decision as the final decision of the Secretary (Tr. 4–5).

The plaintiff contends that the Secretary has adopted a policy excluding all medical evidence obtained by claimants after June 30, 1973, the last day that miners must have "effectively filed" [1] their claims to become eligible for benefits paid by the Social Security Administration.[2] The plaintiff further contends that, on the basis of this policy, the Secretary failed to consider medical reports of Dr. Leon Bogartz and Dr. William Swann submitted in support of plaintiff's claim. Although such a policy, if one in fact exists, is questionable,[3] the record indicates that both med-

---

1. A claim is "effectively filed" when two elements concur: (1) the filing of a valid claim, and (2) the meeting of the requirement for entitlement to benefits. *See* 20 C.F.R. § 410.-226(b).

2. *See* 30 U.S.C. § 924(a), (b).

3. The Secretary has argued in its brief that it has no jurisdiction to consider medical evidence gathered after June 30, 1973. *See* Defendant's Memorandum in Support of Motion for Summary Judgment at 7. If medical evidence gathered after June 30, 1973, is pro-

ical reports were considered by the Secretary in reaching its final decision.

■ Dr. Bogartz's report, dated July 24, 1973, was submitted before the Hearing Examiner made his findings of fact (Tr. 16). It is obvious from the record that the Hearing Examiner, in fact, considered this report (Tr. 16–18). Dr. Swann's report, dated October 5, 1974, was submitted after the Hearing Examiner rendered his decision (Tr. 5). The Appeals Council, however, made this report part of the record before the Council adopted the Hearing Examiner's decision as the final decision of the Secretary (Tr. 5). In denying the plaintiff's claim, the Appeals Council expressly stated that all of the evidence, including that which was not before the Hearing Examiner, had been considered (Tr. 4). Since both medical reports were considered by the Secretary, the plaintiff's contention that he was denied a full hearing is without merit.

The only remaining question is whether there is substantial evidence to support the Secretary's decision. The plaintiff has not directed the Court's attention to any of the Secretary's findings that the plaintiff feels is not supported by substantial evidence. An examination of the record, however, indicates that the plaintiff failed to establish, by presumption or otherwise, a key requirement for entitlement to benefits—that he is totally disabled within the meaning of the Act.[4]

■ A miner is "totally disabled" if his pneumoconiosis *prevents* him from engaging in gainful work in the immediate area of his residence requiring the skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity, and, if "his impairment can be expected to last for a continuous period of not less than twelve months."[5] Moreover, a miner is under a total disability "only if his pneumoconiosis is (or was) the primary reason for his inability" to do his previous coal mine work or comparable and gainful work.[6]

■ In the present case, the plaintiff left the mines in 1952, eighteen years before he filed his claim, "because every time he went down in the mines he developed pneumonia". (Tr. 94). His pneumonia, therefore, *prevented* him from engaging in coal mining employment, and there is no evidence that his pneumonia has recurred since he left the mines. Since 1952 he has worked a profitable twelve acre farm and has operated a profitable beer tavern (Tr. 39, 59, 61, 62). In this light, plaintiff has failed to demonstrate that pneumoconiosis or a chronic respiratory disease presumed to be pneumoconiosis prevented him from engaging in coal mine employment or comparable gainful work. Similarly, his later occupational pursuits, in which he still is engaged, support the conclusion that he is not "totally disabled" within the meaning of the Act.

---

bative of the existence or nonexistence of pneumoconiosis prior to that date, it seems unreasonable to adopt a *per se* exclusionary rule in regard to such evidence. The Secretary is responsible for paying benefits to persons who have *filed* a valid claim and who have *met* the requirements for benefits prior to June 30, 1973. *See* 30 U.S.C. § 924(a), (b); 20 C.F.R. § 410.226(b); nn. 1 & 2, *supra*. Each case must be decided on its own merits, and evidence gathered within a reasonable time after June 30, 1973, should not be arbitrarily excluded if it is probative of whether or not a person satisfied the requirements for benefits before that date. The Secretary, of course, is free to establish procedural rules that promote the orderly operation of the administrative process. Such

rules, however, are best directed at the times when evidence must have been submitted for consideration by the Secretary at various stages of the administrative process, not the times when the evidence must have been gathered.

4. The Hearing Examiner found in pertinent part: "4. The preponderance of medical and other evidence does not demonstrate the presence of a *totally disabling* pneumoconiosis or a *totally disabling* chronic respiratory or pulmonary disease presumed to be pneumoconiosis. (Tr. 20). (Emphasis Added)

5. 20 C.F.R. § 410.412(1)(2) (Emphasis Added)

6. 20 C.F.R. § 410.426(a).

■■ Plaintiff's ten years or more of employment as a miner (Tr. 20) enable him to raise, upon a proper showing, the "interim presumption" that he is totally disabled due to pneumoconiosis.[7] The record is unclear whether the Secretary considered this presumption to have been raised.[8] Assuming, *arguendo*, that the presumption was raised in plaintiff's favor, the plaintiff is still not entitled to black lung benefits. The interim presumption is rebutted by evidence establishing that plaintiff is doing or is able to do comparable gainful work.[9]

For the foregoing reasons, it is Ordered that the Secretary's motion for summary judgment be, and the same hereby is, granted.

7. *See* 20 C.F.R. § 410.490(b).

8. Dr. Swann's medical report, which the Secretary expressly stated had been considered (Tr. 5), showed the following pulmonary function study data: $FEV_1$: 1.8 L.; MBC 104 L./min. Both of these factors fall below the amounts specified for persons 71 inches tall in the regulation raising the interim presumption. 20 C.F.R. § 410.490(b)(1)

(ii). Since the Secretary rejected the plaintiff's claim, it follows that the Secretary either must have found that the evidence of record rebutted the interim presumption or that the test data, as a matter of fact, was too far removed in time to be probative of whether plaintiff satisfied the requirements for benefits on or before June 30, 1973.

9. *See* 20 C.F.R. § 410.490(c).