Carl L. COOPER

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. No. 3–75–139.

United States District Court,
E. D. Tennessee, N. D.

Nov. 24, 1975.

R. A. McNees, III, Oak Ridge, Tenn., for plaintiff.

Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff is a former coal miner who seeks black lung benefits under the provisions of the Federal Coal Mine Health and Safety Act of 1969, as amended. 30 U.S.C. § 901 *et seq.* (Supp.1975). Before the Court are cross motions for summary judgment on behalf of the respective parties, and, alternatively, plaintiff moves the Court to remand the case for consideration of additional evidence.

Plaintiff filed his claim for benefits on March 19, 1973, and it was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. A hearing examiner, before whom plaintiff and his attorney appeared, considered the claim *de novo* on April 15, 1974, and rendered a decision favorable to plaintiff. (Tr. 19–20). The Appeals Council reviewed the case on its own motion and reversed the

decision of the hearing examiner. (Tr. 5–9). The following findings of the Appeals Council, which became the final decision of the Secretary, are challenged:

"4. The X-ray interpretations do not establish that the claimant has pneumoconiosis.

"5. The pulmonary function studies establish values which exceed the regulatory criteria for establishing an impaired ventilatory capacity.

"6. The claimant is not disabled as the result of pneumoconiosis, nor does he have a totally disabling chronic respiratory or pulmonary impairment which could give rise to the presumption of total disability due to pneumoconiosis." (Tr. 9)

These findings, if supported by substantial evidence, are conclusive on this Court. 30 U.S.C. § 923(b); 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

### Facts

Plaintiff was born January 21, 1904, and completed the sixth grade. He worked in the coal mines as a coal loader and "tipple man" from 1922 until 1933, at which time he left the mines for good. He testified that he left coal mining because the mine at which he worked ceased operation. From 1933 until 1959 he worked primarily as a mechanic's helper and truck driver. From 1959 until 1966 he worked as a carpenter or carpenter's helper. He retired in 1966 at age sixty-two.

Plaintiff testified that he has been bothered with breathing problems since the 1950's and that this problem has grown worse over the years (Tr. 35). He said that he was unable to work because he "just can't get enough wind to do it" and that walking any distance caused breathlessness. (Tr. 35–36). He also testified that he could not sleep at night without propping himself up with pillows. (Tr. 37).

### Medical Evidence

Doctor Castillo, a specialist in the internal medicine, conducted ventilatory function studies on plaintiff in 1973. In a report dated May 4, 1973, Dr. Castillo found plaintiff to be 67 inches tall with an $FEV_1$ of 2.774 liters and a MVV of 119 liters/min.[1] Dr. Castillo noted a mild pulmonary obstructive defect. (Tr. 69–72, 78).

On June 12, 1973, Dr. White, also a specialist in internal medicine, interpreted plaintiff's chest X-ray as showing "Coal Worker's Pneumoconiosis, Class 0."[2] He described the respiratory and cardiovascular systems as showing "no abnormality" and reported that plaintiff suffered "no significant impairment" with regard to his respiratory or pulmonary condition. An electrocardiogram was interpreted as being within normal limits. (Tr. 73–77, 79).

Doctor Domm, a thoracic surgeon, interpreted a chest X-ray taken January 24, 1974, as showing that plaintiff suffered from simple pneumoconiosis, category ½. He also conducted pulmonary function studies which indicated an $FEV_1$ of 2.2 liters and an MVV of 57.4 liters/min. (These are less than the table values specified in the interim adjudicatory rules, but, as discussed below, they do not necessarily raise the presumption of total disability due to pneumoconiosis under the facts of this case).

Doctor Domm stated in his report that the pulmonary function studies showed "considerable obstructive impairment which would seem sufficient to render

---

1. The values obtained in this ventilatory function study are not low enough to raise either the interim or permanent presumption of total disability due to pneumoconiosis. 20 C.F.R. §§ 410.426; 410.490.

2. This class or category is not acceptable as evidence of pneumoconiosis. 20 C.F.R. § 410.-428.

this patient unable to perform manual labor at his age." (Tr. 80). Plaintiff's respiratory or pulmonary condition was described as "severe." (Tr. 82).

Additional evidence was admitted into the record after the hearing examiner's decision. This evidence consisted of Dr. Montgomery's interpretations of the June 12, 1973, and January 24, 1974, X-rays which have been mentioned above. Dr. Montgomery, a specialist in internal medicine and certified reader of coal miner's chest X-rays, interpreted both X-rays as being negative for pneumoconiosis. (Tr. 87–89).

### Motion to Remand

■ Plaintiff contends that the Appeals Council mistakenly excluded from consideration the January 24, 1974, pulmonary function study because the required spirometric tracings were "not available" (Tr. 7). See 20 C.F.R. § 410.-430. Plaintiff has submitted a copy of these tracings and an affidavit of Dr. Domm in support of the motion to remand. Dr. Domm states in the affidavit that he has not been contacted by the Social Security Administration or by a State agency concerning the tracings.

In order for plaintiff to be entitled to a remand, the burden is on him to show that the additional evidence he offers amounts to "good cause shown." 30 U.S.C. § 923(b); 42 U.S.C. § 405(g). Plaintiff has not met this burden because it does not appear that the decision of the Secretary might have been different had the tracings been in the record. See Roberts v. Weinberger, 383 F.Supp. 230, 232 (E.D.Tenn.1974); Lucas v. Finch, 322 F.Supp. 1209 (S.D.W.Va. 1970), aff'd 453 F.2d 1255 (1972). Although the Appeals Council noted that the tracings were not in the record as required by the Regulations, it went on

to state that the results of the ventilatory function study in question

"could not reasonably be related back to June 30, 1973, when the Social Security Administration last held jurisdiction of this case, in view of the negative chest X-ray of June 12, 1973, and the pulmonary function studies of May 4, 1973, showing only a mild obstructive pulmonary defect." (Tr. 7–8)

Thus, the record indicates that the Appeals Council considered the ventilatory function study in question for whatever probative value it may have had on the issue of plaintiff's disability or nondisability on or before June 30, 1973 and concluded that the medical evidence adduced nearer that date was more probative of plaintiff's condition. See Lawson v. Mathews, Civ. 3–75–48 (E.D.Tenn., Nov. 11, 1975); Hunley v. Weinberger, 403 F.Supp. 374 (E.D.Tenn.1975). It is therefore not necessary to remand the case since the Secretary has already determined that the evidence in question could not be reasonably related to the issue of plaintiff's disability on or before June 30, 1973.[3]

### The Claim

■ Plaintiff contends that Dr. Montgomery's negative interpretations of the June 12, 1973 and January 24, 1974 X-rays were not substantial evidence that plaintiff is not totally disabled due to pneumoconiosis. In support of this, plaintiff points out that Dr. Montgomery did not indicate why his findings were different from those of Drs. White and Domm.[4] As discussed previously, Dr. White's interpretation of the June 12th X-ray was negative for pneumoconiosis. Thus, Dr. Montgomery's interpretation of that X-ray did not differ from that of Dr. White.

3. In order to be entitled to benefits under the program administered by the Secretary, a live miner must have filed a claim prior to July 1, 1973, and must show that he was totally disabled by pneumoconiosis or a disease presumed to be pneumoconiosis before that date. Lawson v. Mathews, supra.

4. Section 10 of the forms which were filled out by Dr. Montgomery provides: "If this film was read by another physician, and your interpretation is not the same, can you suggest an explanation for the different conclusions reached?" (Tr. 87–88). Dr. Montgomery left these Sections blank.

Doctor Montgomery did differ with Dr. Domm concerning interpretation of the January 24, 1974 X-ray and Dr. Montgomery did not attempt to explain why his conclusion was different. We do not believe that this failure to explain the differences destroys the probative value of Dr. Montgomery's interpretation. Conflicts in the evidence are properly resolved by the Secretary and not this Court. *Richardson v. Perales, supra.* Furthermore, as discussed previously, the January 24, 1974 X-ray interpretation by Dr. Domm was of limited probative value since it was made some seven months after June 30, 1973. *See Lawson v. Mathews, supra; Hunley v. Weinberger, supra.*

Where the evidence shows a work history reflecting many years of coal mine employment (although less than fifteen), as well as a severe lung impairment, such evidence may entitle a claimant to benefits. The Secretary is given discretion in the weight attached to such evidence and a mere showing of a respiratory or pulmonary impairment is not sufficient. 20 C.F.R. § 410.414(b)(4). There is substantial evidence in the record that plaintiff did not demonstrate the requisite severity of impairment on or before June 30, 1973.

Finally, "other relevant evidence" such as electrocardiograms, pulmonary function studies, medical histories or evidence submitted by the miner's physician may establish a totally disabling chronic respiratory or pulmonary impairment. 20 C.F.R. § 410.414(c). Dr. Domm's conclusion that plaintiff is totally disabled due to his pulmonary impairment (Tr. 80) is due consideration by the Secretary but is not binding on him. 20 C.F.R. § 410.471. It should be noted that Dr. Domm reached this conclusion almost seven months after June 30, 1973. Furthermore, the existence of other relevant evidence in plaintiff's favor does not compel a finding of total disability due to pneumoconiosis or a disease presumed to be pneumoconiosis. Such evidence does not raise a presumption of total disability, and all that is required is that the Secre-

tary weigh the other relevant evidence together with the clinical and laboratory evidence of record. *Wilson v. Weinberger*, 401 F.Supp. 276 (E.D.Tenn.1975); *Statzer v. Weinberger*, 383 F.Supp. 1258 (E.D.Ky.1974). The Appeals Council stated in its decision that it had given careful consideration to all the relevant evidence of record before concluding that plaintiff was not totally disabled due to pneumoconiosis prior to June 30, 1973. (Tr. 8).

For the reasons stated above, we conclude that the Secretary's decision is supported by substantial evidence. The Secretary's motion for summary judgment must, therefore, be sustained.