John G. MYERS, Plaintiff-Appellant,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 72–1389.

United States Court of Appeals, Sixth Circuit.

Dec. 28, 1972.

Frank J. Neff, Barkan, Barkan & Neff, Columbus, Ohio, on brief for appellant.

Grayce Ruehlman, Asst. U. S. Atty., Cincinnati, Ohio, for appellee; William W. Milligan, U. S. Atty., W. Robinson Watters, Asst. U. S. Atty., Columbus, Ohio, on brief.

Before   EDWARDS and KENT, Circuit Judges, and GUBOW,* District Judge.

KENT, Circuit Judge.

Appellant applied for disability benefits under the provisions of the Social Security Act, Title 42 U.S.C. § 423. He claimed that he became totally disabled on November 20, 1965, and that his disability was permanent in nature. His claim for disability was denied adminis-

tratively at all levels, and he brought suit in the United States District Court under the provisions of Section 205(g) of the Act, 42 U.S.C. § 405(g). The District Court remanded the case to the Secretary for the taking of additional evidence. After consideration of the additional evidence, the Hearing Examiner granted benefits for the period from June, 1966, to May, 1967, after concluding that the appellant had been totally disabled from November 20, 1965, until March 10, 1967. The appellant appealed and the award of the Hearing Examiner was affirmed administratively. The decision was again reviewed by the United States District Court which entered judgment for the appellee. From that judgment this appeal was taken.

The issue presented is stated in the appellant's brief, as follows:

"When the Secretary of Health, Education and Welfare resolves a conflict in the evidence between total disability and less than total disability in favor of a finding of total disability within a given period of eligibility, a further finding that disability terminated on a specific date, based upon that same medical evidence which specifically fails to indicate a fact of termination of disability, is not supported by substantial evidence, as required by 42 U.S.C.A. Section 405(g)."

Thus, in essence the only questions are whether the Secretary was required to take additional evidence as to the termination of the disability after having considered all the evidence as to the nature, extent and duration of the appellant's disability and whether, if not, there was substantial evidence to support the findings of the Secretary.

Under the statute judicial review of decisions of the Secretary is very limited. As stated by this Court in Floyd v. Finch, 441 F.2d 73, 75 (1971):

"His findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Rose v. Cohen,

---

* Honorable Lawrence Gubow, United States District Judge for the Eastern District of Michigan, sitting by designation.

406 F.2d 753 (6th Cir. 1969). Courts are not permitted to try the cases de novo; Walters v. Gardner, 397 F.2d 89 (6th Cir. 1968).

"Courts may not resolve conflicts in the evidence or decide questions of credibility. Moon v. Celebrezze, 340 F.2d 926 (7th Cir. 1965)."

or as stated at greater length in Lane v. Gardner, 374 F.2d 612, 616 (1967):

"It was for the Secretary and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony. Celebrezze v. Sutton, 338 F.2d 417, 421 (CA 8, 1964); Thomas v. Celebrezze, 331 F.2d 541, 543 (CA 4, 1964); Miller v. Ribicoff, 198 F.Supp. 819, 821 (E.D.Mich.1961). Judicial review of the Secretary's findings of fact is limited to inquiry whether there is substantial evidence to support such findings. Section 205(g) of the Act, 42 U.S.C. § 405(g); May v. Gardner, 362 F.2d 616, 618 (CA 6, 1966); King v. Celebrezze, 341 F.2d 108, 109 (CA 6, 1965). We hold that there was substantial evidence supporting the Secretary's finding that plaintiff with his disabilities was not foreclosed from any gainful employment. That the District Court or ourselves might arrive at a different factual conclusion is irrelevant. The courts do not try these factual issues de novo. Also-brooks v. Gardner, 357 F.2d 110, 111 (CA 5, 1966)."

■ The Act itself does not provide for a closed period of benefits. However, we think it clear that such a closed period of benefits may be awarded. Title 42 U.S.C. § 416(i)(2)(D), which provides:

"(D) A period of disability shall end with the close of whichever of the following months is the earlier: (i) the month preceding the month in which the individual attains age 65, or (ii) the second month following the month in which the disability ceases."

and 42 U.S.C. § 416(i)(2)(E):

"(E) Except as otherwise provided in subparagraph (F), no application for a disability determination which is filed more than 12 months after the month prescribed by subparagraph (D) as the month in which the period of disability ends (determined without regard to subparagraph (B) and this subparagraph) shall be accepted as an application for purposes of this paragraph."

clearly demonstrate that the framers of the Act contemplated that some applications for benefits would be made which would result in an award of benefits after the claimant had recovered from his disability. Notwithstanding the provisions of Title 42 U.S.C. § 425 which makes provision for the suspension of benefits when the Secretary comes into possession of information that the disability has terminated it should be obvious that multiple hearings would be a waste of time and effort.

■ We, therefore, hold that the Secretary has the power to determine in a single hearing the issues of the fact of the claimant's disability, the extent of such disability, the duration of such disability and whether such disability has terminated.

■ The remaining issue is whether there was substantial evidence to support the Secretary's finding of termination of the disability. 42 U.S.C. § 405 (g). It is the position of the appellant that when the Secretary rejects testimony to the effect that the claimant was never disabled that he must then necessarily reject the same evidence in determining whether or not the disability is one of a continuing nature. It is the appellant's position that on this basis there was *no medical* evidence of the termination of the permanent disability which the Secretary found had terminated. We reject the premise upon which appellant's position is based. The burden of establishing continuing disability is on the appellant. Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967), cert. denied 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed. 2d 487 (1967), rehearing denied 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968). There can be no doubt of the

authority of the Secretary to terminate disability payments under 42 U.S.C. § 425. The applicable cases were reviewed in Marker v. Finch, 322 F.Supp. 905, 909, 910 (D.Del.1971), where it was said:

"This case, unlike the majority of reported cases arising under sections 216(i) and 223 of the Act, involves a termination of disability benefits rather than an initial denial of benefits. However, the standards to be applied by the Court in reviewing a termination of benefits do not differ materially from those applied in reviewing a denial of benefits. A prior determination of the Secretary that a claimant had a disability which entitled him to benefits does not bar a later termination of those benefits. Dean v. Flemming, 180 F.Supp. 553, 556 (E.D.Ky.1959); Mayes v. Secretary of Health, Education, and Welfare, 300 F.Supp. 76, 79 (M.D.N.C.1968); see also Polotti v. Folsom, 167 F.Supp. 809, 811 (E.D.N.Y.1957), aff'd 277 F.2d 864 (C.A. 2, 1960). In a case in which benefits have been terminated, as in a case in which benefits have been denied, the burden of proving disability is on the claimant, not on the Secretary. Watson v. Gardner, 246 F.Supp. 837, 838–839 (N.D.Ga. 1965); Maynard v. Celebrezze, 209 F. Supp. 523, 524 (S.D.W.Va.1962). Thus the claimant has the burden of proving that his disability did, in fact, continue."

The appellant concedes in his brief that the medical testimony in regard to the extent of the appellant's disability and the period of time for which he was disabled is in conflict. As previously stated it is for the Secretary to resolve issues of fact and while a court might reach a different conclusion on the same evidence it is without the power to do so. We conclude that there was substantial evidence of the termination of appellant's disability to sustain the findings of the Secretary.

The judgment of the District Court is affirmed.