**Milton PERSON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–CV–0618–DT.**

United States District Court,
E.D. Michigan, S.D.

Jan. 6, 1984.

Sanford Roth of Roth & Dean, Southfield, Mich., for plaintiff.

Karl Overman, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

COHN, District Judge.

In this social security disability case the Secretary objects to a magistrate's recom-

mendation that summary judgment be granted for plaintiff.

Plaintiff initially applied for disability insurance benefits on January 29, 1974. On September 10, 1976, an administrative law judge (ALJ) found that plaintiff was disabled from degenerative disc disease of the lumbrosacral spine and awarded plaintiff disability benefits. In June 1981, plaintiff was notified his benefits were terminated since he was no longer considered to be disabled. Plaintiff asked for a review of the determination; a hearing was held on April 15, 1982. At that hearing a second ALJ affirmed the termination of plaintiff's benefits finding that his disability had ended in May 1981, and that he had the residual functional capacity to perform a wide range of sedentary work. After the Appeals Council affirmed the decision plaintiff filed his complaint in this court. The case was then referred to a magistrate who determined that in a termination case, since a disability has been previously established, there is a presumption the disability is a continuing one in the absence of any evidence showing an improvement in a claimant's condition. While not discussing the evidence in the record in the light of that standard, the magistrate found the record lacked substantial evidence to support the Secretary's decision. The Secretary objects to the recommendation arguing the magistrate applied an erroneous legal standard in requiring evidence that plaintiff's condition had improved before benefits may be terminated.

## II.

Almost all of the circuits have enunciated a special standard to govern termination cases. Some circuits have held that once the Secretary finds a claimant disabled, she cannot generally terminate benefits without current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful employment or that the claimant's condition is not as serious as was first assumed. *See Cassiday v. Schweiker*, 663 F.2d 745 (7th Cir. 1981); *Weber v. Harris*, 640 F.2d 176 (8th

Cir.1981); *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996 (1st Cir.1975). Other circuits have held that in a termination case, since there is a previous finding of disability, there is a presumption the disability continues to exist unless there is evidence to show the disability has improved. *See Dotson v. Schweiker*, 719 F.2d 80 (4th Cir.1983). *Patti v. Schweiker*, 669 F.2d 582 (9th Cir.1982); *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir.1982); *Rivas v. Weinberger*, 475 F.2d 255 (5th Cir.1973). The Third Circuit has outlined a slightly different standard. In a termination case, once a claimant produces evidence that her or his medical condition is unchanged, there is a presumption the medical condition which was previously found to be disabling continues to be disabling. Once the claimant has met this initial burden of production the burden is on the Secretary to produce evidence showing the claimant's condition has improved or that the condition is not as serious as was originally supposed. *Kuzmin v. Schweiker*, 714 F.2d 1233 (3rd Cir.1983).

The Sixth Circuit has not clearly ruled on this issue. *Myers v. Richardson*, 471 F.2d 1265 (6th Cir.1972), a case cited by the Secretary, is not controlling since it was not a termination case. *See Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir.1982); *Dotson v. Schweiker, supra* at 81 n. 1. In *Myers* the Secretary found that an initial application for benefits warranted a closed period of benefits. Plaintiff argued there was no medical evidence showing his disability had ended. In holding that plaintiff had "the burden of establishing continuing disability", *Myers, supra*, at 1267, the court merely restated the general rule that a claimant has the burden of proving disability for the entire period for which benefits are sought. In a more recent unpublished order, *Burnett v. Secretary of Health and Human Services*, No. 81–1276 slip op. at 2 (6th Cir. filed September 2, 1982) the Court found that in a termination case

"the Secretary bears the burden of proving either: (1) that the claimant's condition has improved since the initial award

of benefits; or (2) that the claimant's condition is not as serious as was first supposed."

■ I am persuaded that in a termination case, where a claimant produces evidence that her or his medical condition remains unchanged, the Secretary may not terminate benefits unless she shows:

1. the claimant's condition has improved since the initial award of benefits, or,

2. the claimant's condition is not as serious as was first supposed.[1]

I therefore find that the magistrate did not err in his statement of the legal standard in a termination case.

### III.

■ Having stated the proper standard, it is difficult to apply it in this case since the record on which the initial determination of disability was based is not before me. There are no prior medical records with which the current medical records can be compared. However, since I find there is not substantial evidence to support the finding of the defendant under any appropriate standard, summary judgment for plaintiff is granted.

The only medical opinion which supports the finding that plaintiff is capable of engaging in sedentary work is that of Dr. Theodoulou, a physician retained by the Secretary to examine plaintiff. Contrary evidence is found in the opinion of Dr. Field, plaintiff's treating physician, the opinion of Dr. Sinha, an orthopedist who examined plaintiff at the Secretary's request, and in the observations of several third parties that plaintiff suffers from acute pain. *See* Tr. 159, 163, 171. Dr. Theodoulou's opinion, based on a single examination of plaintiff and without the benefit of x-rays, is not substantial evidence to support the Secretary's findings in

the light of the other evidence in the record. *See Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980); *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir.1978).

### IV.

The Magistrate's Report and Recommendation is ADOPTED as supplemented by this opinion and plaintiff's motion for summary judgment is GRANTED. This case is REMANDED to the Secretary for a computation of benefits.

SO ORDERED.

---

1. *Wheeler v. Heckler,* 719 F.2d 595 (2d Cir.1983), does not persuade me otherwise. *Wheeler* dealt with termination of benefits of claimants who had been "grandfathered" into the federal supplemental security income program from a similar state program. Interpreting the specific statutory language contained in 42 U.S.C. § 1382c(a)(3)(E), the court held that in such a

termination case the defendant did not have to show that a claimant's condition had improved since the time the state had first determined the claimant was disabled. That section, dealing specifically with grandfatherees from state programs, has no parallel in statutes which control the disability insurance program.