755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FAY E. MOORE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1008
 United States Court of Appeals, Sixth Circuit.
 1/3/85
 
 Before: MERRITT and KRUPANSKY, Circuit Judges; ROSENN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this appeal from the District Court's affirmance of the Secretary's denial of social security benefits, claimant Moore argues that the Secretary's decision is not based on substantial evidence, b cause the ALJ did not give appropriate weight to psychiatric testimony. We affirm the District Court's opinion upholding the ALJ's decision.
 
 
 2
 There is no substantial argument that Moore is disabled due to his physical impairments alone. The question is whether Moore has a psychiatric infirmity that itself or together with his physical impairments render him disabled. The evidence that Moore suffers from a disabling mental illness is unclear: one expert says he is neurotic, another that he is psychotic. There is no testimony that his mental state is totally disabling. In such circumstances, a judgment that Moore is disabled due to psychiatric illness must be based on inferences or speculation derived from the expert testimony and from an assessment of Moore's credibility. The ALJ could reach the conclusion from the evidence that claimant was not totally disabled.
 
 
 3
 There is testimony that Moore suffers from forms of both chronic anxiety neurosis with manifestation of hypochodriasis and paranoid schizophrenia. However, there is no evidence that either or both of these infirmities prevent Moore from engaging in some kind of work. Moore obviously believes that he is sick and cannot work, but this, of course, does not constitute conclusive evidence that he is.
 
 
 4
 Accordingly, for these reasons and the reasons set forth in District Judge Hillman's opinion (attached hereto as Appendix A) we affirm the judgment of the District Court.
 
 
 5
 FAY E. MOORE, Plaintiff,
 
 
 6
 -vs-
 
 
 7
 RICHARD S. SCHWEIKER, Secretary of Health and Human Services, Defendant.
 
 Case No. G82-35 CA1
 OPINION
 
 8
 Plaintiff brought this action pursuant to 42 U.S.C. Sec. 405(g). Plaintiff seeks judicial review of a final decision of the Secretary of Health and Human Services denying his disability claim for back and knee injuries, arthritis, high blood pressure, and heart trouble. This matter is presently before the court on motions for summary judgment filed by both plaintiff and defendant.
 
 
 9
 To decide these motions properly, the court must determine if substantial evidence supports the findings of the Administrative Law Judge. 'Substantial evidence' means 'more than a mere scintilla.' It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). Moreover, the court must look at the evidence 'taken as a whole.' Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).
 
 
 10
 Upon careful review of the record, the court finds substantial evidence to support the ALJ's findings. In reaching this result, the court finds the following factors significant: (1) the medical evidence demonstrated that the majority of claimant's problems stem from and are secondary to his obesity which has been controlled in the past (Tr. at 180, 192, 201); (2) several physicians examined claimant and found that his lungs were clear and his heartbeat within normal limits (Tr. at 180, 185, 191, 198, 202, 292); (3) Dr. Earl Rhind, an orthopedist, diagnosed and operated on the medial cartilage of claimant's left knee and that recovery was 'slow but satisfactory' (Tr. at 182, 183, 192, 221); (4) although there is evidence that claimant has hypochondriasis and schizophrenia of the paranoid type, there is no evidence that these conditions would prevent claimant from working (Tr. at 271); and (5) the vocational expert demonstrated that occupations were available with a sit and stand option which claimant could perform (Tr. at 17, 105-112, 221).
 
 
 11
 The court is also mindful that credibility determinations rest solely with the Secretary. Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972). Indeed, the ALJ had an opportunity to observe the demeanor of the plaintiff and make an adverse credibility determination. This opportunity 'should not be discarded lightly.' Beavers v. Secretary of Health, Education, and Welfare, 577 F.2d 383, 387 (6th Cir. 1978).
 
 
 12
 Accordingly, plaintiff's motion for summary judgment is denied, defendant's motion for summary judgment is granted, the findings of the Secretary are affirmed, and plaintiff's complaint is hereby dismissed.
 
 
 13
 IT IS SO ORDERED.
 
 Douglas W. Hillman
 District Judge
 
 14
 Dated: October 31, 1983.
 
 
 15
 ---------------
 
 
 
 * The Honorable Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.