772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOANN TEAGUE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-3852
 United States Court of Appeals, Sixth Circuit.
 8/19/85
 
 S.D.Ohio
 REMANDED
 On Appeal from the United States District Court for the Southern District of Ohio, Western Division
 Before: KEITH and KENNEDY, Circuit Judges; and DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 Claimant appeals from a district court judgment denying her request for social security disability insurance benefits. Since the Administrative Law Judge ('ALJ') made seemingly inconsistent findings in his hearing decision, this case is remanded to the District Court with instructions to remand the claim to the Secretary for clarification of the ALJ's findings.
 
 
 2
 The appellant, Joann Teague, was born March 3, 1944 and was thirty-six years old when she filed her application for benefits on November 17, 1980 claiming that she was unable to work because of obesity, headaches and lower back pain. Appellant completed the sixth grade and worked as a parking lot booth attendant for thirteen years. Although plaintiff was laid off her job on August 20, 1980, she testified that she had been ready to quit anyway because sitting made her back ache and caused headaches. Plaintiff suffered from severe obesity as she was sixty-four inches tall but weighed 280 pounds. Claimant testified that she had taken diet pills for about ten years, but that she stopped taking the pills in March 1981 because she felt she was becoming addicted to them and did not think the pills were helping.
 
 
 3
 Claimant's physician, Dr. Paul Martin, diagnosed claimant as suffering from cephalgia and myositis of the cervical spine. Claimant testified that she suffered constant pain and that she had difficulty in reaching above shoulder level and in turning her head. Dr. Martin observed that claimant was unable to reach above shoulder level and was unable occasionally to turn her head and neck from side to side or up and down. A CT Scan of claimant's head, cervical spine, lumbar spine, and pelvis revealed mild intervertebal foramina encroachment at the C4-C5 level in the cervical spine.
 
 
 4
 The Secretary of Health and Human Services ('the Secretary') denied claimant's application initially and again on reconsideration. Claimant requested a hearing before an ALJ. The ALJ found that claimant was not disabled, but rather that she could return to her prior job as a parking lot booth attendant. The ALJ's conclusion became the final decision of the Secretary when the Appeals Council refused to grant review. Claimant filed a timely action in the United States District Court for the Southern District of Ohio. The District Court assigned the case to a magistrate. The magistrate's report and recommended decision concluded that the Secretary's finding that plaintiff did not satisfy the requirement of 20 C.F.R. Subpart P, Appendix 1, Impairment Listing 10.10A ('Impairment Listing 10.10A') was supported by substantial evidence. The District Court adopted the magistrate's report and recommendations after a de novo review and entered summary judgment for the defendant.
 
 
 5
 Appellant challenges the determination against her on two grounds. First, appellant contends that since the ALJ found that she met the height-weight requirements of Impairment Listing 10.10 and found that she had a history of pain and limitation of motion associated with arthritis in her neck, she met the requirement of Impairment Listing 10.10A so that the ALJ should have found disability. Second, appellant argues that even if the ALJ correctly found that she did not meet Impairment Listing 10.10A, the uncontroverted opinion of the treating physician and her own testimony, established that her obesity and arthritis in her cervical spine had left her disabled and that there was no basis for the ALJ's findings that she was not credible and that she could return to her regular prior work.
 
 I.
 
 6
 Appellant contends that since she met the height-weight requirements of Impairment Listing 10.10 and the ALJ found that she had a history of pain and limitation of motion in her neck, she met the requirements of Impairment Listing 10.10A and the Secretary should have awarded benefits. Claimant is sixty-four inches tall. Impairment Listing 10.10, Table II requires that claimant weigh 258 pounds to satisfy the weight requirement for an obesity disability. The Secretary concedes that at the time of her hearing claimant weighed 280 pounds and had weighed as much as 319 pounds. Claimant thus meets the weight requirement. In addition to the height-weight requirement, a claimant must meet the requirements of one of five categories, Impairment Listings 10.10A-10.10E, to qualify for disability benefits. Impairment Listing 10.10A requires:
 
 
 7
 History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine; . . .
 
 
 8
 If a claimant fits into one of the Impairment Listings categories, 20 C.F.R. Sec. 404.1520(d) provides that the Secretary will find a claimant disabled without considering the claimant's age, education, or work experience.
 
 
 9
 The ALJ ultimately found that claimant did not have an impairment or impairments meeting or equaling in severity the Impairment Listings. In his summary and evaluation of the evidence, however, the ALJ stated:
 
 
 10
 A threshold question in this case is whether the claimant meets the Listing of Impairments. Her weight has at all times pertinent to this decision been in excess of the 258 pounds specified for a five foot four inches tall woman in the obesity listing--Section 10.10. However, she does not have a history of pain and limited motion in a weight bearing joint associated with x-ray evidence of arthritis in a weight bearing joint. She has such findings only in her neck. . . . Thus, the undersigned finds the claimant does not have an impairment of the severity contemplated by the Listing of Impairments.
 
 
 11
 (Emphasis added). The Secretary does not dispute that the neck is part of the spine. Although the ALJ found that claimant had the required pain and limitation of motion with X-ray evidence of arthritis in her neck, the ALJ made the seemingly inconsistent finding that the claimant did not have an impairment satisfying Impairment Listing 10.10A.
 
 
 12
 The District Court held that the ultimate decision of the Secretary was supported by substantial evidence. The District Court's decision, however, modified the ALJ's findings. In its opinion the District Court stated:
 
 
 13
 Although this is a very close case, the Court concludes that the ALJ's finding concerning Plaintiff's neck is improper in that said finding lacks substantial supporting evidence. In particular, Plaintiff's lack of credibility at the hearing militates against finding the requisite history of pain when her testimony constitutes the only pertinent evidence of her neck pain. Furthermore, the Court considers the assessment by Dr. Martin that Plaintiff must avoid reaching above shoulder level and has the ability to turn her head ocassionally, while probative and uncontradicted, is simply a scintilla of evidence, as opposed to substantial evidence of limitation of motion in her neck.
 
 
 14
 Appellant contends that consistent evidence from her testimony, her treating physician's report, and the X-ray indicating arthritis supports the ALJ's finding that claimant had the required pain and limitation of motion in her neck to satisfy the requirement of Impairment Listing 10.10A. Consequently, appellant contends she was automatically entitled to an award of disability benefits.
 
 
 15
 Under 42 U.S.C. Sec. 405(g), '[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..' The Supreme Court has defined substantial evidence as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). We may not overturn the Secretary's findings unless this panel determines that substantial evidence does not support those findings. Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The ALJ's findings of fact became the Secretary's findings when the Appeals Council allowed the ALJ's decision to stand as the final decision of the Secretary.
 
 
 16
 At first glance it appears that the District Court has substituted its findings for that of the ALJ. In Myers v. Richardson, 471 F.2d 1265, 1268 (6th Cir. 1972), this Court stated that the Secretary must resolve issues of fact and while a court might reach a different conclusion on the same evidence, the court does not have the power to do so. The ALJ, however, makes seemingly inconsistent conclusions. The ALJ may have literally meant what he said when he wrote: 'She has such findings only in her neck.' In that case, the ALJ mistakenly applied the law.
 
 
 17
 Alternatively, the ALJ might have meant that although claimant had pain in her neck, the pain was not of sufficient severity to qualify under the Impairment Listing. Although not an obesity case, in Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983), the court stated: 'To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' The mere fact that claimant experiences some pain and meets the height-weight requirement does not automatically make her disabled. The pain in connection with claimant's obesity must be sufficiently severe to preclude claimant from engaging in substantial activity.
 
 
 18
 Finally, the ALJ may have intended the phrase, 'She has such findings in her neck,' to be limited to X-ray evidence of arthritis in the neck and not to include a history of pain in the neck. Claimant herself testified that she had pain in the lower part of her back, not in the neck. The ALJ stated that there was nothing in the record except the claimant's statements to support the existence of a lower back problem or any of the aches and pains that claimant described and that he found her testimony not credible. In light of the seemingly inconsistent findings of the ALJ, this case is remanded to the District Court with instructions to remand to the Secretary for a clarification of the Secretary's findings.
 
 II.
 
 19
 Disposition of the second issue also requires clarification of the ALJ's findings with respect to claimant's neck pain. Accordingly, we do not address claimant's second issue.
 
 
 20
 Since the ALJ made seemingly inconsistent findings of fact, this case is remanded to the District Court with instructions to remand to the Secretary for a clarification of the Secretary's findings and other appropriate action.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation