816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles WOODRUFF, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1453.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Charles Woodruff appeals the order entered by the Honorable Julian A. Cook, Jr., united States Judge, Eastern District of Michigan, denying plaintiff's summary judgment motion and dismissing his complaint. Plaintiff's complaint sought review of the Secretary of Health and Human Services' decision that plaintiff was not entitled to a period of disability and disability insurance benefits. Because we find substantial evidence to support the Secretary's decision, we AFFIRM the order of the district court.
 
 
 2
 Plaintiff, approximately fifty-one years of age at the time of the administrative hearing, had worked up until 1981 as an inspector in the Quality Control Department of Chrysler Motors Corporation. In June, 1981 plaintiff was transferred to a job on the assembly line and injured his back on his first day on the job. Plaintiff filed his claim for disability benefits in 1982 and after two denials had his case heard a de novo by an Administrative Law Judge ("ALJ"). Among the evidence assessed by the ALJ was a September, 1981 medical report from a Dr. Everett which indicated intermittent back pain during twisting and bending movements. A November, 1981 report from a Dr. Hirsch indicated that given the results of a series of diagnostic tests, plaintiff may have been exaggerating his symptoms resulting from the June, 1981 back injury. The doctor recommended plaintiff resume work, with the added restriction of light duty.
 
 
 3
 An April, 1982 medical report submitted by Dr. Everett diagnosed lumbosacral strain and disc disease. In letters written by Dr. Everett to plaintiff's employer, the doctor conceded that while he could not determine the source of plaintiff's pain, he did not doubt the validity of plaintiff's claim. He also was of the opinion that plaintiff would be able to continue work as a quality control inspector. A July, 1982 medical report from Dr. Horvath reached the same conclusion.
 
 
 4
 At the hearing, a vocational expert testified that plaintiff's past employment as an inspector was light and semi-skilled. She testified .that if plaintiff's allegations of pain were credible, he would be unable to obtain employment. On the other hand, she also testified that were his allegations found to be not credible, over four thousand jobs were available to him. The plaintiff testified that he could stand for up to twenty minutes, had trouble sleeping and had difficulty in putting on clothes.
 
 
 5
 The sole issue on appeal is whether substantial evidence supports the Secretary's determination that plaintiff could perform his past relevant work and be thereby ineligible for disability benefits. 20 C.F.R. Sec. 404.1520 (1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971). We are of the view that substantial evidence exists to support the ALJ's finding of ability to do past relevant work. The numerous medical reports in the record consistently concluded that plaintiff was capable of doing light work. The opinions of physicians constitute substantial evidence. Allen v. Califaro, 613 F.2d 139 (6th Cir. 1980). The vocational expert testified that plaintiff's former employment as an inspector was light work for which over four thousand positions existed in plaintiff's home area. Though the plaintiff maintained he had constant back, leg and neck pain which rendered him unable to do past relevant work, the ALJ observed the plaintiff's demeanor and made an assessment of plaintiff's credibility. We are loath to disturb the ALJ's assessment when it relates to a subjective concept such as pain. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978); Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972).
 
 
 6
 Accordingly, having found substantial evidence to support the ALJ's decision, we AFFIRM the order of the district court.