833 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John G. KOCH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-2185.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1987.
 
 Before LIVELY, Chief Judge, KEITH and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, John G. Koch, appeals from the district court's order accepting the Magistrate's report and recommendation that the appellee Secretary of Health and Human Services' ("Secretary") decision denying appellant Social Security benefits is supported by substantial evidence. We disagree and REVERSE and REMAND this action to the district court with directions to award appellant disability benefits.
 
 
 2
 Appellant applied for a period of disability and disability insurance benefits under Secs. 216(i) and 223, respectively, of the Social Security Act ("Act"), 42 U.S.C. Secs. 416(i) and 423. The application was denied on initial and reconsidered determinations by the Secretary. On June 7, 1985, Administrative Law Judge Theodore Stephens ("ALJ") issued a decision which found that appellant could perform work allowing for a sit/stand/walk option and requiring no more than 30 pounds of lifting. The ALJ ruled that pursuant to Rule 201.22 of 20 C.F.R. Part 404, Subpart P, Appendix II, appellant was able to perform a significant number of jobs in the economy. In addition, the ALJ specifically found that appellant's allegations of pain and dysfunction were not entirely credible. The ALJ's decision was upheld by the Appeals Council on September 4, 1985.
 
 
 3
 Appellant subsequently filed a complaint, pursuant to 42 U.S.C. Sec. 405(g), in the United States District Court for the Eastern District of Michigan. United States Magistrate Virginia M. Morgan recommended that the Secretary's decision be affirmed. On November 26, 1986, United States District Judge Robert DeMascio adopted the magistrate's recommendation and granted summary judgment in favor of the Secretary.
 
 I.
 
 4
 Appellant was 48 years old on the date of the administrative hearing. He had a high school education and worked as a millwright for the General Motors Corporation from 1964 until August, 1983. Appellant has not returned to work since August, 1983.
 
 
 5
 Appellant's medical complaints primarily relate to his lower back. He testified that he injured his back in July, 1983, when he fell on the job. He further testified that the pain is constant, increases with activity and feels "like a dull toothache". Appellant also alleged that his left buttocks becomes sore when he sits, as does his ankle when he walks; he is unable to sit for more than 35 to 45 minutes; lift any weight; stand more than 30 minutes; walk more than "one-quarter to half a mile;" or drive more than an hour.
 
 
 6
 Appellant is not currently taking any pain medication. According to appellant's testimony, his treating physician, Dr. Kohen, told him to stop taking the pain medication because it was ineffective.
 
 
 7
 The medical evidence establishes that appellant suffers from severe back problems, which include post operative lumbar laminectomy with nerve root fibrosis, spondylolisthesis L5, Grade I with lumbrosacral instability and severe degeneration of L5 Intervertebral disc. He also suffers from high blood pressure.
 
 
 8
 Appellant underwent corrective surgery for his back condition on December 1, 1983. The operation included the "Gill procedure"; the post-operative course was benign. Dr. W. Kohen was the attending physician. Subsequent visits to Dr. Kohen's office from December 21, 1983, to July 6, 1984, revealed that appellant felt "a hundred % improved over his pre-op [sic] status." However, Dr. Kohen concluded that appellant was in no condition to perform lifting and bending activities, and he was "probably going to need a permanent restriction with regard to that activity." Joint Appendix at 115.
 
 
 9
 On January 7, 1985, appellant saw Dr. Edward S. Maxim. Dr. Maxim's diagnoses of appellant were:
 
 
 10
 1. POSTOPERATIVE LUMBAR LAMINECTOMY WITH NERVE ROOT FIBROSIS.
 
 
 11
 2. SPONDYLOLISTHESIS, L5, GRADE I, WITH LUMBOSACRAL INSTABILITY.
 
 
 12
 3. SEVERE DEGENERATION OF L5 INTERVERTEBRAL DISC.
 
 
 13
 Joint Appendix at 123. In his report, Dr. Maxim stated that because of the above diagnoses, appellant "is disabled probably even from sedentary type work." Dr. Maxim further stated that appellant would not be able to work a full eight hours, and could possibly work part-time "or a matter of four hours under proper conditions." The proper conditions included occasional lifting of 10-15 pounds under favorable conditions where his back would not be under stress or strain. Bending and twisting would have to be minimized, and the strain of pushing and pulling would have to be avoided. In addition, appellant would have to alternatively sit, stand or lie down. Joint Appendix at 123-24.
 
 
 14
 On March 20, 1985, appellant was examined by Dr. John MacNeil at the request of the Disability Determination Service. Throughout the examination, appellant complained of low back pain and left buttock pain; appellant stated that the pain had increased following surgery. Dr. MacNeil, however, found no sensory or motor deficits demonstrable in the back, buttocks, or lower extremities. Motors of the hips, knees and ankles and toes were intact. Heel and toe walking was well carried out indicating the integrity of the dorsi and plantar flexors of the ankles and toes. Joint Appendix at 129.
 
 II.
 
 15
 The issue before this court is whether the district court properly found that substantial evidence supports the Secretary's determination that appellant is not disabled within the meaning of the Act.[1] Substantiality must be based on the record as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980) (citation omitted). "The court is, therefore, charged to review the record in its entirety to determine if the finding of ineligibility was supported by substantial evidence." Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984)[2].
 
 
 16
 The claimant has the burden of showing by a preponderance of the evidence inability to perform his or her former work. Allen, 613 F.2d at 145 (citations omitted). Once the claimant has made a prima facie case, the burden shifts to the Secretary to show by expert vocational testimony that there exists other substantial gainful employment in the national economy which the claimant can perform. Young v. Califano, 633 F.2d 469, 470 (6th Cir.1980) (citation omitted).
 
 
 17
 In this action, the Secretary concluded that there existed other substantial gainful employment in the national economy that appellant could perform. We find that the Secretary's determination is not supported by substantial evidence.
 
 
 18
 Dr. Kohen, the treating physician, noted that appellant was in no condition to perform lifting and bending activities and might be permanently prohibited in that regard. No medical evidence was offered to support this opinion; thus, we cannot accord great deference to his conclusion. See Garner v. Heckler, 745 F.2d 383, 391 (6th Cir.1984).
 
 
 19
 However, sufficient medical evidence exists to support Dr. Maxim's conclusion that appellant "is disabled probably even from sedentary type work." Dr. Maxim's opinion was based on objective medical evidence. He personally reviewed x-rays taken at Professional X-ray Center and found the following:
 
 
 20
 There was total absence of the posterior elements at the L5 level, indicating that a wide laminectomy had been performed. In addition, there was marked narrowing of the lumbosacral disc space with the space being decreased an estimated 70-80%. There was total sclerosis in the vertebral bodies adjacent to that disc space and some spurring. Otherwise, there was only minimal spurring at L1. There was a grade I spondylolisthesis with anterior displacement of the L5 vertebral body. There was a bilateral pars interarticulares defect.
 
 
 21
 Joint Appendix at 123. Based on his observations, Mr. Maxim recommended that appellant restrict his activities and stated, "I doubt that he could be improved enough to return to a gainful occupation." Id. at 124.
 
 
 22
 We also find that the ALJ did not properly evaluate appellant's complaints of pain. The ALJ found they were not credible. Great weight should be given to the ALJ's findings where credibility of witnesses is involved. Duncan v. Harris, 518 F.Supp. 751, 757 (E.D.Ark.1980). Thus, this court should not lightly discard the ALJ's conclusions with respect to credibility because he alone has the opportunity to view the witnesses demands. Id.; Houston, 736 F.2d at 367 (citing Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383 (6th Cir.1978)).
 
 
 23
 However, there are other facts "which may be gleaned from ... transcripts which should and must be considered in assessing the testimony of a claimant in a Social Security case." Duncan, 518 F.Supp. at 757. The existence of a strong and consistent work record is an important factor in assessing credibility. In addition, the corroboration of lay witnesses should play an important role. Medical evidence may also support the claimant's credibility. Id. Finally, the cause or alleged cause of the claimant's pain may be a factor which can be proven objectively in support of the claimant's credibility. For example, "[a]ccidents which occur may remove an ... individual with an otherwise established record from the workforce through no fault ... of his own." Id. at 759 (footnote omitted).
 
 
 24
 Utilizing these guidelines, the evidence in support of appellant's credibility is compelling. Appellant worked for 19 years with General Motors. Appellant fell on the job in 1983, and injured his back. This injury removed appellant from the workforce through no fault of his own. Also, the areas of physical degeneration as identified in the x-rays are areas where pain is alleged. Thus, the ALJ erred in finding that appellant's complaints of pain were not credible.
 
 
 25
 Given the above finding, we conclude that substantial evidence does not exist to support a finding of non-disability based on the vocational expert's consideration of appellant's age, education, work experience and the Michigan DDS Evaluation of Physical Residual Functional Capacity.[3] Indeed, Mr. Rosko, the vocational expert, testified that there were several vocational limiting problems stemming from appellant's testimony. Mr. Rosko concluded that since appellant spends most of his day lying down because of his back pain, this would in itself preclude all work. Mr. Rosko went on to state that since the plaintiff has to lean to the right to support himself with his right arm on the arm of a chair, this could preclude a job with a sit/stand option because most sit/stand options only give you a stool.
 
 
 26
 Thus, the medical evidence, appellant's testimony and the vocational expert's testimony clearly show that claimant is not only unable to perform his past relevant work, but would not be able to perform any kind of work without being able to constantly alternate between standing, sitting and lying down.
 
 
 27
 Accordingly, for the reasons set forth above, we REVERSE the district court's decision and remand with directions to award appellant disability benefits.
 
 
 
 [1]
 Substantial evidence means more than a mere scintilla of evidence. There must be "such relevant evidence as a reasonably person might accept as adequate to support a conclusion." Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir.1986) cert. denied 461 U.S. 957 (1983) (citations omitted)
 
 
 [2]
 Upon appellate review, the court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility. Myers v. Richardson, 471 F.2d 1265, 1267 (6th Cir.1972) (citation omitted)
 
 
 [3]
 The Michigan DDS Evaluation of Physical Residual Functional Capacity revealed that appellant had the residual functional capacity for a full range of medium work. Appellant was found to be able to lift and carry 25 pounds frequently and up to 50 pounds maximum. He was also found capable of standing and/or walking six or eight hours or more