836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert B. SKINNER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 86-3922.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, plaintiff-appellant Robert B. Skinner appeals from the United States Magistrate's judgment affirming the defendant-appellee Secretary of Health and Human Services' denial of social security disability benefits. Because we think that the Secretary's findings were based on substantial evidence and Skinner fails to sufficiently substantiate his claims of pain, we affirm the magistrate's judgment.
 
 
 2
 On February 19, 1985, Skinner filed an application for a period of disability and disability insurance benefits under sections 216(i) and 223 respectively of the Social Security Act. 42 U.S.C. Secs. 416(i) & 423 (1982). Skinner alleged that on August 22, 1979, he became unable to work due to a bad back, a hiatal hernia, emphysema, and a bad heart. Both initially and upon reconsideration his application was denied. Skinner then requested and received a hearing before an administrative law judge (ALJ). The ALJ heard the case de novo on July 12, 1985. Skinner appeared in person and was represented by counsel.
 
 
 3
 On October 5, 1985, the ALJ found that Skinner was not under a disability and did not have a cardiac or respiratory impairment on or before June 30, 1981, a hiatal hernia impairment on or before June 30, 1981, an obesity impairment, or back pain severe enough to meet the severity requirements established by the relevant regulations. 20 C.F.R. Pt. 404, Subpt. P., App. 1 (1987). The ALJ found that Skinner had the maximum sustained work capability for light work and the ability to perform his past relevant work as a superintendent. He also found Skinner "was not disabled" from August 22, 1979 through June 30, 1981.
 
 
 4
 The ALJ's decision became the final decision of the Secretary when the Appeals Council approved it on January 24, 1986. On March 20, 1986, Skinner initiated action in the District Court for the Northern District of Ohio. He sought judicial review under 42 U.S.C. Sec. 405(g) (1982). Skinner and the Secretary consented in writing to have the United States Magistrate conduct all proceedings and to order the entry of judgment. The magistrate affirmed the Secretary's denial of benefits.
 
 
 5
 On appeal, Skinner argues that the Secretary's findings were not supported by substantial evidence. He further argues that the pain he experiences is in itself disabling. For the reasons set forth below, we think neither of these arguments is persuasive.
 
 I.
 
 6
 The Social Security Act states that our review of the Secretary's decision denying disability benefits is limited to determining whether substantial evidence in the record taken as a whole supports the Secretary's findings. 42 U.S.C. Sec. 405(g) (1982). Further, even if a court were to arrive at a different factual conclusion, the Secretary's decision must be affirmed if it is supported by substantial evidence. Lane v. Gardner, 374 F.2d 612, 616 (6th Cir.1967). Thus, a court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Myers v. Richardson, 471 F.2d 1265 (6th Cir.1972). In brief, our scope of judicial review is limited to determining whether the findings of fact made by the Secretary are supported by substantial evidence, and deciding whether the Secretary employed the proper legal criteria in reaching those findings. 42 U.S.C. Sec. 405(g); Gibson v. Secretary of Health, Education and Welfare 678 F.2d 653, 654 (6th Cir.1982); Ingram v. Richardson, 471 F.2d 1268, 1271 (6th Cir.1972).
 
 
 7
 In addition, the Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court further advises that in determining whether the evidence is substantial, the reviewing court must "take into account whatever in the record fairly subtracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). With these guidelines in mind we consider Skinner's claim.
 
 
 8
 In order to qualify for a period of disability and disability insurance benefits under the Act, Skinner must:
 
 
 9
 (1) meet the insured status requirement as defined in Title 42, United States Code, section 423(c)(1);
 
 
 10
 (2) not have attained the age of sixty-five (65);
 
 
 11
 (3) have filed an application for disability insurance benefits; and
 
 
 12
 (4) be under a disability as defined in Title 42, United States Code, section 423(d). 42 U.S.C. Secs. 416(i), 423 (1982); 20 C.F.R. Sec. 404.315 (1985).
 
 
 13
 Furthermore Skinner would have to establish that his alleged impairments were disabling on or before June 30, 1981. Only in this way would Skinner have been entitled to a period of disability and disability insurance benefits. The Secretary, the ALJ and the magistrate agree that Skinner failed to do this. We concur in that judgment.
 
 
 14
 In making their determinations, the magistrate and the ALJ relied on an abundance of medical evidence which indicated that the only impairment Skinner suffered from prior to the expiration of his insured status was a back problem. According to the medical evidence, Skinner did not suffer from respiratory or cardiac problems or a hiatal hernia prior to the expiration of his injured status. Furthermore, Skinner himself testified that his emphysema and heart trouble started two and a half years prior to the hearing, and did not constitute a disabling condition prior to June 30, 1981. There is nothing in the record to indicate that the hiatial hernia existed before Skinner's insured status expired. Based on these facts, we conclude that the Secretary's findings were supported by substantial evidence.
 
 
 15
 Skinner also argues that his pain is itself disabling. Without supporting objective medical evidence, however, such a claim is insufficient to establish entitlement to disability benefits. This court in Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), pointed out that when Congress enacted the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1794, it established a statutory standard for evaluating subjective complaints of disabling pain. Section 3(a)(1) of the Act, codified at 42 U.S.C. Sec. 423(d)(5)(A) (1982), states:
 
 
 16
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to product the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or other laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
 
 
 17
 Skinner's failure to substantiate his subjective claims of pain with objective evidence means his argument does not meet the above standard of proof. We therefore AFFIRM the magistrate's judgment supporting the Secretary's denial of benefits to Skinner.