875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert P. LANG, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1561.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Robert P. Lang, Jr. ("plaintiff"), appeals the summary judgment of the district court in favor of defendant-appellee, the Secretary of Health and Human Services ("the Secretary"), in this action seeking review of the Secretary's decision denying plaintiff disability benefits. For the reasons that follow, we reverse the judgment of the district court and remand.
 
 I.
 
 2
 Plaintiff filed an application for disability insurance benefits on March 11, 1986. He indicated that his disabling condition consisted of a gunshot wound to the head, depression, anxiety, and stress disorder. Plaintiff's application was denied initially and upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 10, 1987, an administrative hearing was held, and on March 17, 1987, the ALJ issued his decision, finding plaintiff not disabled and thus not entitled to an award of disability benefits. The ALJ found that while plaintiff does suffer a severe injury and is unable to perform his past relevant work, he retains the residual functional capacity to perform light work. Given plaintiff's other vocational factors, the ALJ concluded that plaintiff did not suffer from a "disability" as defined in the Act.
 
 
 3
 On June 16, 1987, the Appeals Council denied plaintiff's request for review, and plaintiff then filed the present action seeking judicial review of the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g). Plaintiff's action was referred to a magistrate who recommended that the Secretary's decision be affirmed. On March 31, 1988, the district court adopted the magistrate's Report and Recommendation and entered judgment in favor of the Secretary. Plaintiff timely appealed.
 
 
 4
 On appeal plaintiff raises two issues: (1) whether the Secretary erred in concluding that plaintiff retained the residual functional capacity to perform a full range of light work, and (2) whether the Secretary erred in failing to consider plaintiff for a closed period of disability benefits.
 
 II.
 
 5
 Our review of the Secretary's decision is limited to determining whether substantial evidence exists in the record to support the decision. Kirk v. Secretary of Health and Human Servs., 667 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). We review the record as a whole, Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir.1978), in order to determine whether "such relevant evidence [exists] as a reasonable mind would accept as adequate to support [the Secretary's determination.]" Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 6
 We believe substantial evidence of record does exist in support of the ALJ's conclusion that plaintiff was capable of light work at the time of the hearing on February 10, 1987. Plaintiff, a former police officer, was shot in the face at point-blank range while in the line of duty on June 9, 1984. Although plaintiff was seriously injured as a result of this gunshot, by February 10, 1987, the medical evidence discloses plaintiff could perform a full range of light work as defined in 20 C.F.R. Sec. 404.1567(b) (1988). Indeed, plaintiff himself testified that his day-to-day social activities were significantly normal. He drove his car, attended school full-time, cleaned house, took care of his children, took care of his personal needs, bowled, played golf, and visited with friends and relatives as often as possible. While plaintiff argues nonexertional limitations prevent him from performing light work, his testimony indicating he led "a relatively normal life considering he is unemployed," is evidence any nonexertional limitations are not disabling. Crisp v. Secretary of Health and Human Servs., 790 F.2d 450, 453 (6th Cir.1986).
 
 
 7
 With respect to physical limitations, plaintiff himself testified that from a physical standpoint, he was capable of light work by August or September 1986. Thus, on the record as a whole, there is evidence to support the conclusion plaintiff was capable of light work and hence not disabled, given his other vocational factors, on February 10, 1987.
 
 
 8
 Plaintiff, however, maintains that the Secretary erred by failing to consider whether he might be entitled to a closed period of disability benefits. We agree.
 
 
 9
 A social security disability benefits claimant must meet the twelve-month durational requirement before he can be found disabled. 42 U.S.C. Sec. 423(d)(1)(A). In Myers v. Richardson, 471 F.2d 1265 (6th Cir.1972), we held that while "[t]he Act itself does not provide for a closed period of benefits ... we think it clear that such a closed period of benefits may be awarded." Id. at 1267. Thus, an individual who satisfies the durational requirement of the Act may be entitled to benefits from the time his disability commences until such time as the disability ceases. See Howse v. Heckler, 782 F.2d 626 (6th Cir.1986).
 
 
 10
 In the present case, plaintiff argues that at the very least he should have been found disabled from June 9, 1984, when he was shot, through August 1986 when, according to his testimony, he felt that from a physical standpoint he was capable of returning to work. The ALJ did not specifically make a finding regarding whether plaintiff's impairments entitled him to a closed period of disability benefits. Rather, the ALJ's decision focuses upon plaintiff's physical and mental condition at the time of the hearing. In reaching his conclusion, the ALJ relied upon activities plaintiff began more than one year after the accident and upon reports made during this same time period.
 
 
 11
 Of the evidence of record, no doctor indicates plaintiff could have returned to work prior to September 1986. Rather, of those doctors who expressed an opinion as to plaintiff's disability during this period, all concluded plaintiff was disabled as a result of his physical limitations, including the need for continued surgery as a result of his gunshot wounds, and mental impairments, including depression and anxiety. The Secretary is not bound by the unsupported opinions of treating physicians, Miller v. Secretary of Health and Human Servs., 843 F.2d 221, 224 (6th Cir.1988). However, our scope of review requires us to consider the record as a whole, and given the record in the present case, we find the Secretary erred in failing to consider whether plaintiff might be entitled to a closed period of disability.
 
 III.
 
 12
 Accordingly, the judgment of the district court is REVERSED, and we REMAND this action to the district court with instructions to remand to the Secretary to determine whether plaintiff was entitled to a closed period of disability benefits.