Mary C. BRANT, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 01–3560.

United States Court of Appeals, Sixth Circuit.

April 26, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON, District Judge.*

This is an appeal from a district court judgment affirming a decision to deny an application for supplemental security income benefits under the Social Security Act. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Mary Brant applied for SSI benefits based primarily on her claim of disabling epilepsy. The matter was heard initially by an administrative law judge (ALJ) who concluded that Brant was not entitled to the benefits requested. The Appeals Council vacated the decision and remanded the cause so that an ALJ could augment the record in specified areas. A different ALJ conducted another evidentiary hearing and also concluded that Brant was not entitled to the benefits sought. This conclusion became the final decision of the Commissioner when the Appeals Council declined review and Brant took an appeal to the district court pursuant to 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the Commissioner's decision should be affirmed and the district court adopted this recommendation over Brant's objections.

Counsel for Brant brings one assignment of error on appeal, namely, that the Commissioner's decision is not supported by substantial evidence in that the second ALJ completely ignored the corroborating testimony of Brant's daughter. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 555 (6th Cir.1995). An examination of the record and law under this standard supports the district court's judgment to affirm the Commissioner's decision.

The evidence adduced at the first evidentiary hearing reflected that Brant was forty-nine years old, that she had a twelfth grade education, and that she had not been gainfully employed for many years. Brant was obese and she suffered from a seizure disorder, hyperlipidemia, and arthritis. The focus of the hearing was the fact and extent of Brant's epileptic seizure disorder. To that end, Brant testified that she had several petit and grand mal seizures from 1980 through 1994. Brant's daughter, Shelly Yeckley, testified that she saw her mother suffer a petit mal seizure once a week until her father's death, at which time she testified that Brant suffered petit mal seizures two to three times daily. Yeckley also testified that Brant experienced grand mal seizures three times monthly. The medical evidence, however, was less than supportive of Brant's claims. The ALJ did not entertain any vocational evidence in concluding that Brant was "not fully credible" and that she was not disabled because she had the ability to "perform work at all exertional levels."

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

The Appeals Council decided to vacate the ALJ's conclusion and remand the matter so that additional medical and vocational evidence could be introduced into the record. The Council also clearly articulated the type of evidence to be added to the existing record. The ALJ was to: 1) obtain updated medical evidence as to Brant's condition; 2) give further consideration to Brant's residual functional capacity and provide specific references to evidence of record supporting the evaluation; and 3) obtain evidence from a vocational expert as to the effect of Brant's condition on her occupational base and on the number of jobs available in the national economy to someone with Brant's physical limitations. The Council did not address the credibility determinations made by the ALJ.

A second hearing was conducted by a different ALJ on April 15, 1997. Brant, her daughter and a vocational expert testified at the second hearing before the second ALJ, who considered this testimony and also expressly considered all the evidence adduced at the first hearing. Brant's testimony concerning the frequency of her seizures was consistent with her earlier claims and her daughter corroborated these figures. The vocational expert identified several thousand jobs available to one with Brant's physical limitations, but admitted that these jobs would not be available to a person suffering from the quantity and quality of seizures claimed by Brant. The ALJ concluded from the entire record that Brant was not disabled. The ALJ expressly found Brant's account of her seizures not credible when balanced against: 1) the lack of hospital or emergency room visits; 2) the absence of any first-hand corroboration by medical personnel; 3) Brant's own accounts of her many, varied daily activities despite the side effects of her medication; 4) the evidence of the sub-therapeutic level of medi-cation; and 5) the medical opinion that Brant would remain "seizure free" with proper medication.

The Appeals Council adopted the second conclusion as its final decision and Brant took an appeal to the district court. The matter was referred to a magistrate judge for the resolution of the following: whether the Commissioner (through the ALJ) erred in not making a specific finding concerning the credibility of Brant and her daughter when they testified as to the frequency of Brant's seizures. The magistrate judge concluded that the second ALJ not only complied with the specific dictates of the remand order but that a fair reading of the entire opinion shows that the ALJ implicitly found the testimony of Brant and her daughter, Yeckley, less than credible. Brant objected to the conclusion of the magistrate judge only as to Yeckley's credibility. The district court adopted the report and recommendation and counsel for Brant raises the same issue on appeal.

The theme of Brant's appellate argument is that, absent an express credibility finding with regards to Yeckley's testimony, it must be assumed that the Commissioner (through the ALJ) did not consider the testimony at all before reaching his conclusion. As noted earlier, appellate review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the proper legal standards were employed. *Garcia*, 46 F.3d at 555. In particular, credibility determinations rest exclusively with the Commissioner, *see, e.g., Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir.1972), but all findings and conclusions are reviewed by this court in the context of the record as a whole. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). The record as a whole, when read in light of the clear picture of the case painted by the second ALJ, supports

the conclusion that the ALJ simply did not consider Yeckley's testimony to be of such force (or credibility) to overcome the medical evidence that Brant's seizures could be sufficiently controlled so as to preclude an award of SSI benefits to her. The litany of the evidence supporting this conclusion, summarized above, could not be more plain. In addition, the district court accurately cites to a prior Sixth Circuit opinion in which the court viewed the record in its entirety to affirm a decision containing an implied credibility determination. *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 n. 2 (6th Cir.1978). This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.